IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR MUHAMMED § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | |
| § | CIVIL ACTION NO. _____ |
| GEOVERA SPECIALTY INSURANCE § | |
| COMPANY, JOHN ANDERSON, AND § | |
| SEAN HICKS, § | |
| § | |
| Defendants. § | |
| § | |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GeoVera Specialty Insurance Company ("GeoVera") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and the amount in controversy, and respectfully shows the following:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1. On April 11, 2019, Plaintiff Victor Muhammed ("Plaintiff") filed his Original Petition in the matter styled *Victor Muhammed v. GeoVera Specialty Insurance Company, John Anderson, and Sean Hicks*, Cause No. 2019-25974, in the 157th Judicial District Court in and for Harris County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to his home under a homeowner's insurance policy issued by GeoVera.

2. Plaintiff served GeoVera with a copy of the Original Petition on or about October 9, 2018. Upon information and belief, Defendants John Anderson ("Anderson") and Sean Hicks ("Hicks") (collectively, "adjuster defendants") have not been served.

3. On May 10, 2019, GeoVera filed its Original Answer and Election of Responsibility for Anderson and Hicks.

4. Defendant GeoVera files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.* All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5. As required by 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, being filed simultaneously with the filing of this Notice of Removal:

**Exhibit A:** Index of Matters Being Filed

**Exhibit B:** Docket Sheet – Case Summary Sheet

**Exhibit C:** Civil Case Information Sheet

**Exhibit D:** Executed Process for GeoVera Specialty Insurance Company

**Exhibit E:** Plaintiff's Original Petition

**Exhibit F:** Defendant GeoVera Specialty Insurance Company's Original Answer

**Exhibit G:** Defendant GeoVera Specialty Insurance Company's Election of Responsibility

**Exhibit H:** List of Parties and Counsel

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.    Plaintiff and Defendant GeoVera are Diverse.**

8. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Exhibit E, Pg. 1.

9. Defendant GeoVera is incorporated under the laws of the State of Delaware, with its principal place of business in Fairfield, California. GeoVera is therefore not a citizen of the State of Texas for diversity purposes.

10. Upon information and belief, Defendants Anderson and Hicks, are and were at the time the lawsuit was filed, residents and citizens of the State of Texas.

11. With respect to the claims against Anderson and Hicks, it is GeoVera's position that they have been fraudulently joined in this action. Therefore, the Texas citizenship of these adjuster defendants should be disregarded for the purposes of evaluating diversity in this matter.

**B.    Adjuster Defendants Have Been Fraudulently Joined in This Lawsuit.**

12. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side*." McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332. However, a non-diverse defendant will not destroy complete diversity if it can be shown that the defendant was "improperly or

collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

13. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), cert, denied, 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

14. Courts have used lack of service as a key factor in determining that the Plaintiff did not intend to actively pursue claims against the non-diverse Defendant; and thus, the non-diverse defendant was fraudulently joined. *See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14, 2011 U.S. Dis. LEXIS 6541, *51 (S.D. Tex. Jan. 20, 2011). Here, the adjuster defendants fraudulent joinder, is evidenced, in part, by the fact that Plaintiff, upon information and belief, has failed to serve them.

15. Additionally, where "the claims against the adjuster are identical to those against the insurer, the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster." *Dalton v. State Farm Lloyd's, Inc.*, No. CIV.A. H-12-3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013) (internal quotations and citations omitted).

16. Here, Plaintiff has not pled actions against the adjuster defendants distinguishable from those of GeoVera and has also failed to allege any facts that would distinguish the adjuster defendants' actions from those of GeoVera. *See* Pl's Original Pet., Exhibit E, ¶¶20, 24, 26, 28 39-42, 48-51, and 56. Accordingly, because the actions of the adjuster defendants are

indistinguishable from that of the insurer's, Plaintiff's pleading is insufficient to support a claim against the adjuster defendants.

17. As set forth above, based on Plaintiff's pleading, there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against the adjuster defendants. Accordingly, Anderson and Hick's presence should be disregarded in determining diversity jurisdiction.

18. Because Plaintiff is a citizen of Texas and the only properly named Defendant, GeoVera, is a citizen of California and/or Delaware, complete diversity of citizenship exists among the proper parties and federal jurisdiction is proper.

**C.   The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

19. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Original Petition expressly alleges that "Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000". (Pl's Orig. Pet. ¶6). Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

### III.
### CONCLUSION

Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

        Respectfully submitted,

        */s/ Adrienne H. Nelson*
        Rhonda J. Thompson
        State Bar No. 24029862
        So. Dist. No.: 17055
        Adrienne H. Nelson
        State Bar No.: 24069867
        So. Dist. No.: 2276091
        **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        Telephone:  (214) 871-8200
        Facsimile:   (214) 871-8209
        Email:  rthompson@thompsoncoe.com
        Email: anelson@thompsoncoe.com

        **ATTORNEYS FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that, on May 13, 2019, a true and correct copy of the foregoing document was served by in accordance with the Federal Rules of Civil Procedure to the following counsel of record:

    *Via Electronic Filing:*
    Andrew A. Woellner
    THE POTTS LAW FIRM, LLP
    3737 Buffalo Speedway, Suite 1900
    Houston, Texas 77098
    Telephone: (713) 963-8881
    Facsimile: (713) 574-2938
    Email: awoellner@potts-law.com
        *Counsel for Plaintiff*

        */s/ Adrienne H. Nelson*
        Rhonda J. Thompson
        Adrienne H. Nelson