## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTOR MUHAMMED** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **GEOVERA SPECIALTY INSURANCE** | § | |
| **COMPANY, JOHN ANDERSON, AND** | § | |
| **SEAN HICKS,** | § | |
| | § | |
| **Defendants.** | | |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S
## INDEX OF MATTERS BEING FILED

Pursuant to Rule 81 of the Local Rules of the United States District Court for the

Southern District of Texas, the following is an index of matters being filed in this case:

Exhibit A:    Index of Matters Being Filed

Exhibit B:    Docket Sheet – Case Summary Sheet

Exhibit C:    Civil Case Information Sheet

Exhibit D:    Executed Process for GeoVera Specialty Insurance Company

Exhibit E:    Plaintiff's Original Petition

Exhibit F:    Defendant GeoVera Specialty Insurance Company's Original Answer

Exhibit G:    Defendant GeoVera Specialty Insurance Company's Election of
Responsibility

Exhibit H:    List of Parties and Counsel

6935143v1
08917.417

# EXHIBIT A

Office of Harris County District Clerk - Marilyn Burgess          Page 1 of 2

**HCDistrictclerk.com** MUHAMMED, VICTOR vs. GEOVERA          5/13/2019
INSURANCE COMPANY
Cause: 201925974 CDI: 7   Court: 157

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS                        CURRENT PRESIDING JUDGE

| File Date | 4/11/2019 | Court | 157th |
|---|---|---|---|
| Case (Cause) Location | | Address | 201 CAROLINE (Floor: 11) |
| Case (Cause) Status | Active - Civil | | HOUSTON, TX 77002 |
| | | | Phone:7133686230 |
| Case (Cause) Type | Insurance | | |
| Next/Last Setting Date | N/A | JudgeName | TANYA GARRISON |
| Jury Fee Paid Date | 4/11/2019 | Court Type | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| MUHAMMED, VICTOR | PLAINTIFF - CIVIL | | WOELLNER, ANDREW AMBERG |
| GEOVERA INSURANCE COMPANY | DEFENDANT - CIVIL | | THOMPSON, RHONDA JOANN HARDER |
| ANDERSON, JOHN | DEFENDANT - CIVIL | | |
| HICKS, SEAN | DEFENDANT - CIVIL | | |
| GEOVERA INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT FOR | REGISTERED AGENT | | |

**EXHIBIT B**

Office of Harris County District Clerk - Marilyn Burgess          Page 2 of 2

211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-3218

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 5/10/2019 | ANSWER ORIGINAL PETITION | | | 0 | | THOMPSON, RHONDA JOANN HARDER | GEOVERA INSURANCE COMPANY |
| 4/11/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 4/11/2019 | ORIGINAL PETITION | | | 0 | | WOELLNER, ANDREW AMBERG | MUHAMMED, VICTOR |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | GEOVERA INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT FOR | 4/11/2019 | 4/11/2019 | 4/16/2019 | | | 73613423 | CIV AGCY-CIVILIAN SERVICE AGENCY |

211 E 7TH STREET SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 85210587 | Defendant GeoVera Specialty Insurance Company's Original Answer to Plaintiff's Original Petition | | 05/10/2019 | 2 |
| 85210588 | Defendant Geoverea Specialty Insurance Company's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code | | 05/10/2019 | 3 |
| 84860661 | Citation Return | | 04/17/2019 | 2 |
| 84767096 | Plaintiff's Original Petition | | 04/11/2019 | 45 |
| -> 84767097 | Civil Case Information Sheet | | 04/11/2019 | 1 |
| -> 84767098 | Civil Process Request Form | | 04/11/2019 | 2 |
| 84801608 | Civil Process Pick-Up Form | | 04/11/2019 | 1 |

## EXHIBIT B

# CIVIL CASE INFORMATION SHEET

4/11/2019 2:07:18 PM
**Marilyn Burgess - District Clerk**
**Harris County**
**Envelope No: 32706537**
**By: CUERO, NELSON**
**Filed: 4/11/2019 2:07:18 PM**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   Victor Muhammed vs. Geovera Insurance Company, John Anderson, and Sean Hicks

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:  Andrew Woellner | Email:  awoellner@potts-law.com | Plaintiff(s)/Petitioner(s):  Victor Muhammed | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:  3737 Buffalo Speedway, Suite 1900 | Telephone:  (713) 963-8881 | | Additional Parties in Child Support Case: |
| City/State/Zip:  Houston, TX 77098 | Fax:  (713) 583-5388 | Defendant(s)/Respondent(s):  Geovera Insurance Company, John Anderson, and Sean Hicks | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:  /s/ Andrew woellner | State Bar No:  24060850 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☑ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☑ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# EXHIBIT C

4/17/2019 11:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32883880
By: LISA COOPER
Filed: 4/17/2019 11:14 PM

# AFFIDAVIT ATTACHED

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.  201925974

RECEIPT NO. _____          0.00      CIV
            **********          TR # 73613423

PLAINTIFF: MUHAMMED, VICTOR
                vs.
DEFENDANT: GEOVERA INSURANCE COMPANY

In The  157th
Judicial District Court
of Harris County, Texas
157TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: GEOVERA INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT FOR
    SERVICE OF PROCESS CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of April, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 11th day of April, 2019, under my hand and
seal of said Court.

Issued at request of:
WOELLNER, ANDREW AMBERG
3737 BUFFALO SPEEDWAY SUITE
1960
HOUSTON, TX  77098
Tel: (713) 963-8881
Bar No.: 24060850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//11205629

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____  in

_____ County at _____ o'clock ____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____County, Texas

_____          By _____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
              Notary Public

## AFFIDAVIT ATTACHED

N.INT.CITR.P                    *73613423*

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Harris** | **157th Judicial District Court** |

Case Number: 201925974

Plaintiff:
**VICTOR MUHAMMED**

vs.

Defendant:
**GEOVERA INSURANCE COMPANY, et al**

Received these papers on the 16th day of April, 2019 at 12:30 pm to be served on **GEOVERA INSURANCE COMPANY care of its Registered Agent, CORPORATION SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Thomas R. Kroll, being duly sworn, depose and say that on the **16th day of April, 2019 at 1:50 pm, I:**

delivered to **GEOVERA INSURANCE COMPANY** a true copy of this **Citation together with Plaintiff's Original Petition and Plaintiffs' First Interrogatories and Requests for Production, Request for Interrogatories to Geovera Insurance Company, Request for Production to Geovera Insurance Company, Request for Interrogatories to John Anderson, Requests for Production to John Anderson, Request for Interrogatories to Sean Hicks, and Requests for Production to Sean Hicks,** by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY,** by and through its designated agent, **ADAM WAYS,** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 16th day of
April, 2019 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**Thomas R. Kroll**
PSC - 3012, Exp. 8/31/2019

Our Job Serial Number: THP-2019004997
Ref: Muhammed

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

**EXHIBIT D**



null / ALL
**Transmittal Number: 19670534**
**Date Processed: 04/18/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Patrick Power<br>GeoVera Insurance<br>1455 Oliver Road<br>Fairfield, CA 94534 |
| **Electronic copy provided to:** | Brian Prentice<br>Robert Hagedorn |

| | |
|---|---|
| **Entity:** | GeoVera Insurance Company<br>Entity ID Number  1965370 |
| **Entity Served:** | GeoVera Insurance Company |
| **Title of Action:** | Victor Muhammed vs. GeoVera Insurance Compay |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201925974 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/16/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Andrew A. Woellner<br>713-963-8881 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT E

<u>COPY OF PLEADING PROVIDED BY PLTD.</u>

CAUSE NO. 201925974

RECEIPT NO.              0.00    CIV
          *********            TR # 73613423

| | |
|---|---|
| PLAINTIFF: MUHAMMED, VICTOR<br>          vs.<br>DEFENDANT: GEOVERA INSURANCE COMPANY | In The   157th<br>Judicial District Court<br>of Harris County, Texas<br>157TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GEOVERA INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT FOR
    SERVICE OF PROCESS CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>11th day of April, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 11th day of April, 2019, under my hand and
seal of said Court.

Issued at request of:
WOELLNER, ANDREW AMBERG
3737  BUFFALO SPEEDWAY SUITE
1960
HOUSTON, TX 77098
Tel: (713) 963-8681
Bar No.: 24060850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON  7MM//11205629

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at <u>12:30</u> o'clock <u>P</u> .M., on the <u>16th</u> day of <u>April</u>, <u>2019</u>

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                 _____ of _____ County, Texas

               By _____
_____                    Deputy
    Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                        Notary Public

N.INT.CITR.P           *73613423*

DELIVERED:
ON: _4·/·16·19_
BY:_____ TA BSA 3011
@:__1:50__ am

# EXHIBIT E

4/11/2019 2:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32706537
By: Nelson Cuero
Filed: 4/11/2019 2:07 PM

CAUSE NO._____

| | | |
|---|---|---|
| **VICTOR MUHAMMED**<br>*Plaintiff,* | § <br> § <br> § | **IN THE DISTRICT COURT OF** |
| **vs.** | § <br> § | |
| **GEOVERA INSURANCE COMPANY,**<br>**JOHN ANDERSON, AND SEAN**<br>**HICKS**<br>*Defendants.* | § <br> § <br> § <br> § <br> § | **HARRIS COUNTY, TEXAS**<br><br>_____ **JUDICIAL DISTRICT** |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Victor Muhammed, Plaintiff (hereinafter referred to as "Plaintiff"), and files his Original Petition against Defendants, GeoVera Insurance Company ("GeoVera"), John Anderson ("Anderson"), and Sean Hicks ("Hicks"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Victor Muhammed, is an individual residing in and/or owning property in Harris County, Texas.

2.     Defendant, GeoVera, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218, via process server, return receipt requested.

1

**EXHIBIT E**

3.      Defendant, John Anderson is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail at 4747 South Loop 289, Suite 110, Lubbock, Texas 79424-2271.

4.      Defendant, Sean Hicks is an individual residing in and domiciled in the State of Texas. This defendant may served via process server at 4108 Seminole Drive, Pearland, Texas 77584.

## DISCOVERY LEVEL

5.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

6.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff are seeking monetary relief less than $100,000. Plaintiff reserve the right to amend this petition during and/or after the discovery process.

7.      The Court has jurisdiction over Defendant, GeoVera, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff' causes of action arise out of GeoVera's business activities in the State of Texas.

8.      The Court has jurisdiction over Defendant, Anderson, because this defendant engaged in business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

9.      The Court has jurisdiction over Defendant, Hicks, because this defendant engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

2

**EXHIBIT E**

## VENUE

10.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

11.     Plaintiff is the owner of a property insurance policy number FG17503881 ("the Policy") issued by GeoVera.

12.     Plaintiff owns the insured property located at 2235 Tandy Park Way, Harris County, Texas (hereinafter referred to as "the Property").  GeoVera sold the Policy insuring the Property to Plaintiff.

13.     On or about August 26, 2017, a hail storm and/or windstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property, including but not limited to extensive damage to Plaintiff's roof, exterior siding, and dwelling interior. Wind driven debris caused extensive damage to the roofing system causing breaches and openings allowing wind driven rain to enter.

14.     Plaintiff subsequently submitted a claim to GeoVera for the damage the Property sustained as a result of the Storm.  Plaintiff requested that GeoVera cover the cost of repairs, including but not limited to replacement of the roof pursuant to the Policy.

15.     Defendant GeoVera assigned Anderson as the individual adjuster to inspect the claim. Anderson arrived at the property to perform the inspection after sun down and was unable to perform his duties, effectively delaying the inspection another day. Upon arrival to the Property the following day, Anderson notified Plaintiff that he did not have a phone, and Plaintiff was forced

3

**EXHIBIT E**

to take photographs himself and send them to the adjuster. Plaintiff, with no experience as an adjuster, attempted to point out damage to the roofing structure from which water was leaking but his concerns were quickly dismissed.

16.     Anderson was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to recognize that Plaintiff' storm damages were caused by the Storm. Ultimately, this lead GeoVera to denying Plaintiff's claim, despite obvious water damage inside the house, which could only come from the roof.

17.     After Plaintiff complained, Defendant GeoVera then assigned Hicks as the individual adjuster to perform a reinspection on the claim. Hicks' reinspection acknowledged the damage to the Property and effectively lead GeoVera to issue a check in the amount of $3,172.23 after their initial denial. However, Hicks estimate was still a severe underpayment of Plaintiff's damages.

18.     Hicks was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to recognize that Plaintiff's storm damages were caused by the Storm. Ultimately, this lead GeoVera to underpay Plaintiff's claim.

19.     GeoVera and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters, which ultimately led to the approval of an improper adjustment and a wrongful underpayment of Plaintiff's claim.  As a result of Defendants' wrongful acts and

4

**EXHIBIT E**

omissions set forth above and further described herein, Plaintiff was wrongfully underpaid on the claim and has suffered damages.

20.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and/or under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully underpaid on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

21.     As detailed in the paragraphs below, GeoVera wrongfully underpaid Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

22.     To date, GeoVera continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

23.     Defendant GeoVera failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. GeoVera's conduct constitutes a breach of the insurance contract between GeoVera and Plaintiff.

5

**EXHIBIT E**

24.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

25.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

26.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

27.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

28.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants

**EXHIBIT E**

performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

29.     Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

30.     Defendant GeoVera failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

31.     Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

32.     From and after the time Plaintiff's claim was presented to Defendant GeoVera, the liability of GeoVera to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, GeoVera has refused to pay Plaintiff in full, despite there being no basis

7

**EXHIBIT E**

whatsoever on which a reasonable insurance company would have relied to deny the full payment. GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

34.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

35.     In compliance with TEX. INS. CODE §542A.003, Plaintiff timely gave pre-suit notice to Defendant prior to filing suit.  More than sixty days has elapsed since Plaintiff sent his notice.

<div align="center">

**CAUSES OF ACTION**

</div>

36.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Anderson and Hicks**

   **A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

37.     Defendants Anderson's and Hicks' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a).  All violations under this article are made actionable by Tex. Ins. Code § 541.151.

38.     Defendants Anderson and Hicks are individually liable for their unfair and deceptive acts, irrespective of the fact that each was acting on behalf of GeoVera, because each is a "person" as defined by Tex. Ins. Code § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds

<div align="center">8</div>

<div align="center">

**EXHIBIT E**

</div>

plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including

an agent, broker, adjuster or life and health insurance counselor." Tex. Ins. Code § 541.002(2)

(emphasis added). (See also *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d

482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose

of bringing a cause of action against him or her under the Texas Insurance Code and subjecting

him or her to individual liability)).

39.     Defendants' misrepresentations by means of deceptive conduct include, but are not

limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages;

(2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own

statements about the non-severity of the damages as a basis for denying properly covered damages

and/or underpaying damages; (4) unilaterally and inexplicably changing the basis for the damage

to Plaintiff's Property, and (5) failing to provide an adequate explanation for the inadequate

compensation Plaintiff received. Defendants Anderson's and Hicks' unfair settlement practices,

as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the

business of insurance. Tex. Ins. Code § 541.060 (a)(1).

40.     Defendants Anderson's and Hicks' unfair settlement practices, as described above,

of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

even though liability under the Policy is reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins.

Code § 541.060(a)(2)(A).

9

# EXHIBIT E

41.     Defendants Anderson and Hicks failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.  Specifically, Defendants Anderson and Hicks failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants Anderson and Hicks did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

42.     Defendants Anderson's and Hicks' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(4).

43.     Defendants Anderson and Hicks did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to GeoVera. Defendants Anderson's and Hicks' unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060(a)(7).

I.      **Causes of Action Against GeoVera**

10

**EXHIBIT E**

44. GeoVera intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

**A. Breach of Contract**

45. GeoVera breached the contract of insurance it had with Plaintiff. GeoVera breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

46. Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

47. Defendant GeoVera's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

48. Defendant GeoVera's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GeoVera's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

49. Defendant GeoVera's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to

11

**EXHIBIT E**

the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

50. Defendant GeoVera's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

51. Defendant GeoVera's unfair settlement practice, as described above, of refusing to pay Plaintiff claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C.    Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

52. Plaintiff are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

53. GeoVera failed to acknowledge receipt of Plaintiff claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

54. GeoVera failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

12

**EXHIBIT E**

55.     GeoVera delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.     Breach of the Duty of Good Faith and Fair Dealing**

56.     GeoVera breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

57.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

13

**EXHIBIT E**

paid pursuant to the Policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE § 541.152.

62.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

63.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

64.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

### JURY DEMAND

65.    Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court cite Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants and recover from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed

14

# EXHIBIT E

by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:   /s/ Andrew A. Woellner
Andrew A. Woellner
SBN:  24060850
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: awoellner@potts-law.com

ATTORNEY FOR PLAINTIFF

15

**EXHIBIT E**

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiffs, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiffs by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

    i.      In the case of a person, to state such person's
        (1)     full name;
        (2)     last known home and business address and home and business telephone number;
        (3)     employer or business affiliation; and
        (4)     occupation and business position held.

16

# EXHIBIT E

ii.   In the case of a <u>document</u>, to state:

    (1)   the identity of the person or persons preparing it and the sender;

    (2)   its title or a description of the general nature of the subject matter;

    (3)   the identity of the addressee(s), if any;

    (4)   its date or dates of preparation;

    (5)   its date or dates and manner of distribution and publication, if any;

    (6)   the location of each copy and the identity of its present custodian;

    (7)   the type of document; and

    (8)   all characteristics by which that document might be distinguished from any other document.

iii.   In the case of a communication in the form of an <u>oral statement</u>, to state:

    (1)   the identity of the person uttering the oral statement;

    (2)   the place at which such oral statement was uttered;

    (3)   the date on which such oral statement was uttered;

    (4)   the identity of each person in whose presence or hearing such oral statement was uttered; and

    (5)   the substances of the oral statement.

7.   "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.   "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.   "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.   "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.   "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.   "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

**EXHIBIT E**

not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiffs' Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

<div style="margin-left: 40%;">

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:   _/s/ Andrew A. Woellner_
      **Andrew A. Woellner**
      SBN:  24060850
      **Michael J. Bins**
      SBN: 24080792
      3737 Buffalo Speedway, Suite 1900
      Houston, Texas 77098
      Telephone (713) 963-8881
      Facsimile (713) 583-5388
      Emails: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

</div>

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP

/s/ Andrew A. Woellner
**Andrew A. Woellner**

19

**EXHIBIT E**

## REQUEST FOR INTERROGATORIES TO GEOVERA INSURANCE COMPANY

1.  Identify the name, job title, dates of employment and a brief description for all persons providing information for the RESPONSEs to these interrogatories.

    RESPONSE

2.  Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    RESPONSE

3.  Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

    RESPONSE

4.  State the date Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

    RESPONSE

5.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

    RESPONSE

6.  At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

    RESPONSE

7.  Please identify all documents and information requested from Plaintiffs at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which

# EXHIBIT E

the request was made, and identify the requested documents Defendant claims Plaintiffs failed to provide upon Defendant's request.

RESPONSE

8. If you contend Plaintiffs' damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

RESPONSE

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

RESPONSE

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

RESPONSE

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

RESPONSE

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

RESPONSE

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

21

**EXHIBIT E**

RESPONSE

14. State the Date Defendant first anticipated litigation.

RESPONSE

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

RESPONSE

16. Identify all underwriting reports in Defendant's possession or control for the Property.

RESPONSE

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

RESPONSE

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiffs began by each attorney.

RESPONSE

19. What is your compensation arrangement with your expert witness in this case?

RESPONSE

22

**EXHIBIT E**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

RESPONSE

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiffs' claim(s)

RESPONSE

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

RESPONSE

23

**EXHIBIT E**

## REQUEST FOR PRODUCTION TO GEOVERA INSURANCE COMPANY

1.   The following insurance documents issued for the Properties as identified in the Petition:
   a.      the policy at issue for the date of loss as identified in the Petition; and
   b.      the policy declarations page for the 3 years preceding the storm.

   RESPONSE:

2.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

   RESPONSE:

3.   All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

   RESPONSE:

4.   All documents relating to any real property insurance claims made by Plaintiffs at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

   RESPONSE:

5.   All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

   RESPONSE:

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

   RESPONSE:

24

# EXHIBIT E

7.   All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

   RESPONSE:

8.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

9.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

   RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

   RESPONSE:

11.   A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

   RESPONSE:

25

# EXHIBIT E

12.   All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

<u>RESPONSE:</u>

13.   All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of Plaintiffs' claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

<u>RESPONSE:</u>

14.   If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

<u>RESPONSE:</u>

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

<u>RESPONSE:</u>

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

<u>RESPONSE:</u>

17.   All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

<u>RESPONSE:</u>

26

**EXHIBIT E**

18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

20.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:

21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above

RESPONSE:

23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:

27

**EXHIBIT E**

24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:

25.     All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

28

**EXHIBIT E**

31.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

       RESPONSE:

32.    All claims handling manuals and/or guidelines that were in effect during Safeco's investigation of Plaintiffs' claim. This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

       RESPONSE:

29

**EXHIBIT E**

## REQUEST FOR INTERROGATORIES TO JOHN ANDERSON

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

    RESPONSE:

2.  Identify generally the training or experience You had in adjusting windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

    RESPONSE:

3.  Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

    RESPONSE:

4.  Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

    RESPONSE:

5.  Identify the following dates:

    a.   The date You first obtained an adjuster license in the State of Texas;

    b.   The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

    c.   The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

30

## EXHIBIT E

d.      The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:


6.      Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

a.      The name and job title of any person who inspected the Properties with You;

b.      The date of each inspection;

c.      The purpose of each inspection;

d.      The length of time of each inspection;

e.      The equipment or tools used during each inspection;

f.      The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

g.      Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.      Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiffs? If yes, provide the following information:

a.      the date of such communication(s);

b.      the manner of such communication(s);

c.      the person to whom You communicated;

d.      the reason for the communication(s);

e.      for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

f.      the general substance of the communication.

RESPONSE:

31

**EXHIBIT E**

8.    Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiffs to such scope notes and/or photographs.

      RESPONSE:

9.    For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

      RESPONSE:

10.   To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

      RESPONSE:

11.   Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

      RESPONSE:

12.   How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

      RESPONSE:

13.   Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

      RESPONSE:

32

**EXHIBIT E**

14. Identify all documents or information You requested from Plaintiffs during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiffs who received the request.

RESPONSE:

15. Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16. To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17. Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

33

**EXHIBIT E**

## REQUESTS FOR PRODUCTION TO JOHN ANDERSON

1.     All documents related to Plaintiffs, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

   RESPONSE:


2.     All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

   RESPONSE:


3.     All licenses or certifications that are identified in response to Interrogatory Number 2.

   RESPONSE:


4.     All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiffs' claim.

   RESPONSE:


5.     All resumes for the last 5 years.

   RESPONSE:


6.     All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

   RESPONSE:


34

**EXHIBIT E**

7.      All documents You relied upon in the adjustment of the claim made the basis of this
        Lawsuit.

        RESPONSE:


8.      To the extent You made a determination or recommendation regarding depreciation, all
        documents relating to the application of depreciation on a commercial property claim in
        the State of Texas for the past 2 years.

        RESPONSE:


9.      To the extent You made a determination or recommendation regarding overhead and profit,
        all documents relating to the application of overhead and profit on a commercial property
        claim in the State of Texas for the past 2 years.

        RESPONSE:


10.     All documents or items in Your possession related to the claim made the basis of this
        Lawsuit that You did not submit to the insurance company and/or adjusting company
        assigned to this claim.

        RESPONSE:


11.     All documents meant to instruct, advise, or guide the handling or adjusting hail and/or
        windstorm claims in the State of Texas for the last 2 years.

        RESPONSE:


12.     All training manuals in effect at the time of Plaintiffs' claim used for software programs
        utilized in the claim made the basis of this Lawsuit.

        RESPONSE:


35


**EXHIBIT E**

13. All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

   RESPONSE:


14. All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

   RESPONSE:


15. All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

   RESPONSE:


16. All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

   RESPONSE:


17. All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

   RESPONSE:


18. All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiffs' claim.

   RESPONSE:

**EXHIBIT E**

19.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

20.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

21.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

37

**EXHIBIT E**

## REQUEST FOR INTERROGATORIES TO SEAN HICKS

1.　Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.　Identify generally the training or experience You had in adjusting windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.　Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.　Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.　Identify the following dates:

a.　The date You first obtained an adjuster license in the State of Texas;

b.　The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

c.　The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

38

**EXHIBIT E**

d.      The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

6.      Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

a.      The name and job title of any person who inspected the Properties with You;

b.      The date of each inspection;

c.      The purpose of each inspection;

d.      The length of time of each inspection;

e.      The equipment or tools used during each inspection;

f.      The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

g.      Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.      Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiffs? If yes, provide the following information:

a.      the date of such communication(s);

b.      the manner of such communication(s);

c.      the person to whom You communicated;

d.      the reason for the communication(s);

e.      for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

f.      the general substance of the communication.

RESPONSE:

39

**EXHIBIT E**

8.  Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiffs to such scope notes and/or photographs.

    RESPONSE:


9.  For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

    RESPONSE:


10. To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

    RESPONSE:


11. Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

    RESPONSE:


12. How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

    RESPONSE:


13. Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

    RESPONSE:

40

**EXHIBIT E**

14.     Identify all documents or information You requested from Plaintiffs during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiffs who received the request.

        RESPONSE:


15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

        RESPONSE:


16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

        RESPONSE:


17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

        RESPONSE:


41

**EXHIBIT E**

## REQUESTS FOR PRODUCTION TO SEAN HICKS

1.    All documents related to Plaintiffs, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

      RESPONSE:


2.    All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

      RESPONSE:


3.    All licenses or certifications that are identified in response to Interrogatory Number 2.

      RESPONSE:


4.    All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiffs' claim.

      RESPONSE:


5.    All resumes for the last 5 years.

      RESPONSE:


6.    All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

      RESPONSE:


42

**EXHIBIT E**

7.    All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

8.    To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

9.    To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

10.    All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.    All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.    All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

43

**EXHIBIT E**

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

15.   All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

16.   All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17.   All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiffs' claim.

RESPONSE:

44

**EXHIBIT E**

19.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiffs' policy. This request is limited to the last 3 years.

       RESPONSE:


20.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

       RESPONSE:


21.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:


45


**EXHIBIT E**

5/10/2019 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33486822
By: LISA COOPER
Filed: 5/10/2019 3:45 PM

## CAUSE NO. 2019-25974

| | | |
|---|---|---|
| VICTOR MUHAMMED, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, JOHN ANDERSON, AND | § | |
| SEAN HICKS, | § | |
| | § | |
| **Defendants.** | § | 157TH JUDICIAL DISTRICT |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant GeoVera Specialty Insurance Company ("GeoVera") files this Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

### I.
### ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, Defendant GeoVera Specialty Insurance Company respectfully prays that Plaintiff take nothing by his suit herein, and for all other relief to which it is justly entitled.

1-6933729
08917.417

1

**EXHIBIT F**

Respectfully submitted,

/s/  Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.:  24029862
Adrienne H. Nelson
State Bar No.  24069867
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  anelson@thompsoncoe.com
**COUNSEL FOR DEFENDANT**
**GEOVERA SPECIALTY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of May 2019, a true and correct copy of the foregoing document was delivered to the following counsel of record:

*Via Electronic Filing:*
Andrew A. Woellner
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: awoellner@potts-law.com
        *Counsel for Plaintiff*

/s/ Adrienne H. Nelson
Rhonda J. Thompson
Adrienne H. Nelson

**EXHIBIT F**

5/10/2019 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33486822
By: LISA COOPER
Filed: 5/10/2019 3:45 PM

## CAUSE NO. 2019-25974

| | | |
|---|---|---|
| VICTOR MUHAMMED, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, JOHN ANDERSON, AND | § | |
| SEAN HICKS, | § | |
| | § | |
| Defendants. | § | 157TH JUDICIAL DISTRICT |

### DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE:

Defendant GeoVera Specialty Insurance Company ("GEOVERA" or "Defendant"), files its Election of Legal Responsibility under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.
### RELEVANT BACKGROUND

1.    Plaintiff Victor Muhammed ("Plaintiff") filed a claim with GeoVera on or about August 31, 2017 for wind/hail loss occurring on or about August 26, 2017.  GeoVera assigned claim number FG17503881 to the loss and the claim was adjusted by one or more representatives at GeoVera's request, including Defendants John Anderson ("Anderson") and Sean Hicks ("Hicks") (collectively "adjuster defendants").   For purposes of this Election, the adjuster defendants are considered GeoVera's "agents" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of GeoVera's behalf.

1-6933495
08917.417

**1**

## EXHIBIT G

2.      On April 11, 2019, Plaintiff filed this action on claim number FG17503881 in the 157th Judicial District Court of Harris County, Texas, naming GeoVera, Hicks and Anderson as Defendants.

## II.
## ELECTION

3.      Under section 542A.006(a) of the Texas Insurance Code, GeoVera hereby elects to accept legal responsibility for whatever liability the adjuster defendants might have to Plaintiff for their acts or omissions related to claim number FG17503881 and by this pleading Plaintiff are provided written notice of GeoVera's Election.

## III.
## DISMISSAL OF ADJUSTER DEFENDANTS WITH PREJUDICE

4.      Under section 542A.006(c) of the Texas Insurance Code and based on GeoVera's Election, this Court "shall dismiss" this action against Anderson and Hicks with prejudice. GeoVera hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

## IV.
## PRAYER

FOR THESE REASONS, GeoVera Specialty Insurance Company respectfully requests that this Election be filed with the records of this cause and prays that Anderson and Hicks be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code. Furthermore, GeoVera requests that the Court strike all discovery served on Ernest Rodriguez, Jr, as well as any other relief to which GeoVera is entitled.

## EXHIBIT G

Respectfully submitted,

*Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No. 24029862
So. Dist. No.: 17055
Adrienne H. Nelson
State Bar No.: 24069867
So. Dist. No.: 2276091

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  anelson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
GEOVERA SPECIALTY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of May 2019, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Texas Rules of Civil Procedure:

*Via Electronic Filing:*
Andrew A. Woellner
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: awoellner@potts-law.com
    *Counsel for Plaintiff*

*/s/ Adrienne H. Nelson*
Rhonda J. Thompson
Adrienne H. Nelson

**EXHIBIT G**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **VICTOR MUHAMMED** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. _____** |
| § | |
| § | |
| **GEOVERA SPECIALTY INSURANCE** § | |
| **COMPANY, JOHN ANDERSON, AND** § | |
| **SEAN HICKS,** § | |
| § | |
| **Defendants.** | |

**DEFENDANT GEOVER SPECIALTY INSURANCE COMANY'S**
**LIST OF PARTIES AND COUNSEL**

**Counsel for Plaintiff Victor Muhammed:**
Andrew A. Woellner
State Bar No. 24060850
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: awoellner@potts-law.com

**Counsel for removing Defendant GeoVera Specialty Insurance Company:**
Rhonda J. Thompson
State Bar No. 24029862
Southern District Bar No. 17055
Adrienne H. Nelson
State Bar No.: 24069867
Southern District Bar No. 2276091
**THOMPSON, COE, COUSINS AND IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:      (214) 871-8209
Email:  rthompson@thompsoncoe.com
          anelson@thompsoncoe.com

1

**EXHIBIT H**